UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBOTIC PARKING SYSTEMS, INC.,

                        Plaintiff,

v.

YALE INDUSTRIAL PRODUCTS, INC.
DBA DUFF-NORTON and COLUMBUS
MCKINNON CORPORATION,

                        Defendants.

**REPORT AND RECOMMENDATION**

**Case No. 1-21-cv-00164-JLS-JJM**

---

        This action has been referred to me by District Judge John L. Sinatra, Jr. for supervision of all pretrial proceedings, including the initial consideration of dispositive motions [15].[1] Before the court is defendants' (collectively referred to as "Duff Norton") motion [14] to dismiss plaintiff Robotic Parking Systems, Inc.'s Amended Complaint [10] pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted. Having reviewed the parties' submissions [14, 17, 18] and heard oral argument on June 22, 2021 [19], I recommend that the motion be granted in part and denied in part.

## DISCUSSION

        Robotics seeks to recover for allegedly defective "ball screw actuators" which it purchased from Duff Norton. It seeks consequential damages for breach of contract (Amended Complaint [10], Count One), remedies under N.Y. U.C.C. §§2-714 and 715 (id., Count Two),

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

and compensatory damages for negligent misrepresentation (id., Count Three). Duff Norton challenges each of these claims.

A.     **Count One: Breach of Contract**

Duff Norton argues that Robotic's claim for breach of contract is in reality a claim for breach of the implied warranty of fitness for a particular purpose which has been disclaimed pursuant to N.Y.U.C.C. §2-316. Duff-Norton's Memorandum of Law [14-1] at 12-16. Robotic responds that it "has brought no such claim and seeks no such relief", and has instead "articulated a breach of contract claim under New York law". Robotic's Memorandum of Law [17] at 11.

I agree. A claim for breach of contract "requires allegations of an agreement, performance by one party, failure to perform by the other party and resulting damages", Muncil v. Widmir Inn Restaurant Corp., 155 A.D.3d 1402, 1404 (3d Dept. 2017), and the Amended Complaint contains these allegations. [10], ¶¶50-54. "[T]he plaintiff is the master of the complaint", Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002), and a "claim for breach of implied warranty . . . is distinct from [a] claim for breach of contract". Jones v. Hill's Heating & Air Conditioning, Inc., 67 A.D.3d 1432, 1433 (4th Dept. 2009); Medical City Dallas, Ltd. v. Carlisle Corp., 251 S.W.3d 55, 60 (Sup. Ct. Tex. 2008) ("breach of warranty and breach of contract are distinct causes of action").

Therefore, the court should decline Duff Norton's invitation to recast Robotic's breach of contract claim as a claim for breach of implied warranty of fitness of a particular purpose, which it has not alleged and expressly disavows. Accordingly, Robotic's contract claim must stand or fall based upon the terms of "[t]he "Purchase Orders and the Order

Confirmations", which "set out the parties' contractual commitment for Duff Norton to sell and for Robotic to purchase the Actuators *as-specified therein*". Amended Complaint [10], ¶51 (emphasis added).

### B.   Count Two: Remedies Under U.C.C.

Robotics alleges that "Duff Norton is liable for Robotic's damages arising out of its delivery of nonconforming goods pursuant to U.C.C. 2-714" (Amended Complaint [10], ¶61),[2] and also seeks "consequential and incidental damages . . . pursuant to U.C.C. 2-715" (id., ¶63).

Duff Norton argues that Robotic's claim for incidental and consequential damages is "explicitly barred by the parties' contract. Duff Norton's Memorandum of Law [14-1] at 16, n. 5, *quoting* the Terms of Sale: "IN NO EVENT SHALL SELLER BE LIABLE TO BUYER . . . WITH RESPECT TO ANY GOOD, WHETHER IN CONTRACT, TORT OR OTHER THEORY OF LAW . . . FOR ANY INCIDENTAL, CONSEQUENTIAL, SPECIAL, DIRECT OR INDIRECT DAMAGES, HOWSOEVER CAUSED". [10-3] at 5, 8.

In response, Robotic "does not agree that any of the terms and conditions which Duff Norton inserted into its documents control here". Robotic's Memorandum of Law [17] at 11, n. 2. However, as previously discussed, the Amended Complaint alleges that "[t]he Purchase

---

[2]   §2-714 "governs the damages recoverable by the buyer for breach with respect to accepted goods, and as to which acceptance has not been revoked by the buyer". 4A Part II <u>Anderson on the Uniform Commercial Code</u> §2-714:3 (3d. ed.). Since Robotic alleges that it revoked its acceptance of the actuators (Amended Complaint [10], ¶47), §2-714 appears to be inapplicable. However, as Duff Norton has not moved to dismiss on this ground, I do not rule upon it.

Orders and the Order Confirmations set out the parties' contractual commitment" ([10], ¶51), and in opposing this motion, Robotic "is not permitted to . . . contradict the allegations in [its] pleading". Uddoh v. United Healthcare, 254 F. Supp. 3d 424, 429 (E.D.N.Y. 2017).

Nevertheless, although the limitation of remedies is part of the parties' contractual arrangement, at this early stage of the proceedings their effectiveness cannot be determined as a matter of law. *See* Robotic's Memorandum of Law [17] at 13, n. 5, and authorities cited therein.

### C. Count Three: Negligent Misrepresentation

"Under New York law, the elements for a negligent misrepresentation claim are that (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment." Hydro Investors, Inc. v. Trafalgar Power Inc., 227 F.3d 8, 20 (2d Cir. 2000)

In moving to dismiss this claim, Duff Norton argues, *inter alia*, that Robotics has failed to plausibly allege the existence of a "special relationship" between the parties. Duff Norton's Memorandum of Law [14-1] at 18. I agree. It is a "well-established principle that a plaintiff must plead the existence of something more than an arm's length business relationship to state a claim for negligent misrepresentation", Alley Sports Bar, LLC v. Simplexgrinnell, LP, 58 F.Supp.3d 280, 294-95 (W.D.N.Y. 2014), and Robotic failed to do so here - particularly in view of the Order Confirmations, which provide that they "constitute[ ] the entire agreement

between Seller and Buyer, superseding all previous understandings and writings regarding this transaction", and that "Buyer expressly disclaims any reliance on [oral] statements as a basis for entering into this contract". [10-3] at 5, 8. "The parties had only an ordinary business relationship, not the requisite 'special relationship of trust or confidence' that would support a claim for negligent misrepresentation." Auble v. Doyle, 38 A.D.3d 1264, 1266 (4th Dept. 2007).

## CONCLUSION

For these reasons, I recommend that defendants' motion to dismiss [14] be granted as to Count Three of the Amended Complaint, but otherwise denied. Unless ordered by District Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by September 17, 2021. Any requests for extension of this deadline must be made to Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new

arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: September 3, 2021

/s/ Jeremiah J. McCarthy<br>
JEREMIAH J. MCCARTHY<br>
United States Magistrate Judge